Khaaliq Binns
FULL NAME

SAME AS ABOVE
COMMITTED NAME (if different)

Lancaster State Prison
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. Box 4430
Lancaster, CA 93539
PRISON NUMBER (if applicable)

CDW Number G-20397

Related DSF

FILED
CLERK, U.S. DISTRICT COURT

JUL 22 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Khaaliq Binns
v
Warden, D Asuncion,
Yo Hunter, Sgt Jamison, Medical
staff and Yo's,

PLAINTIFF,

DEFENDANT(S).

CASE NUMBER

CV16-05481 DSF (DTB)

To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.   PREVIOUS LAWSUITS

1.   Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes  ☒ No

2.   If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)



LODGED
CLERK, U.S. DISTRICT COURT

JUL 21 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
   Plaintiff _____ *N/A*

   _____ *N/A*

   Defendants _____ *N/A*

   _____ *N/A*

b. Court _____ *N/A*

   _____ *N/A*

c. Docket or case number _____ *N/A*

d. Name of judge to whom case was assigned _____ *N/A*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____ *N/A*

f. Issues raised: _____ *N/A*

   _____ *N/A*

   _____ *N/A*

g. Approximate date of filing lawsuit: _____ *N/A*

h. Approximate date of disposition _____ *N/A*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure. *See Exhibit (A) and (B)*

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff **Khaaliq Binns**
                                                          (print plaintiff's name)
who presently resides at **Lancaster State Prison**,
                          (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

**Lancaster State Prison**
(institution/city where violation occurred)

**8th Amendment Violation**

on (date or dates) _DECEMBER 12, 2015_
 (Claim I)                                    (Claim II)                              (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _D. ASUNCION_ _____ resides or works at
   (full name of first defendant)

   _CSP-LAC  P.O. BOX 4430 LANCASTER, CA 93539_
   (full address of first defendant)

   _WARDEN_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_LANCASTER STATE PRISON HAS A POLICY OF DISREGARDING
LOWER TIERS, LOWER BUNK CHRONO'S, AND THE WARDEN IS
GOING ALONG WITH THIS POLICY. THAT IS HURTING INMATES_

2. Defendant _4D HUNTER_ _____ resides or works at
   (full name of first defendant)

   _SAME AS ABOVE_
   (full address of first defendant)

   _OFFICER_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_I SHOWED THE DEFENDANT MY CHRONO AND HE DISREGARDED
IT. DISCOVERY WILL SHOW THIS POLICY HAS BEEN GOING ON FOR YEARS._

3. Defendant _UNKNOWN MEDICAL STAFF (1)_ _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_SAME AS STATED ABOVE_

4. Defendant _UNKNOWN     (2)_____ resides or works at
   <u>(full name of first defendant)</u>

   _____
   (full address of first defendant)

   _SAME Address_____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5. Defendant _UNKNOWN (3) Through 8_____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_GOING Along with THE policy of disregarding_
_Lower Tier, Lower Bunk chronos._

D. CLAIMS*

CLAIM I

The following civil right has been violated:

My Eight amendment rights were violated, due To a on going policy To disregard chrono's from different prisons. Since my incidents omen inmate has been put on Top bunks. even Tho they had lower Tier chrono's. That is why plaintiff will be requesting punitive damages in the amount of $250.000.00 dollars and componsatory damages of

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

As shown in chrono dated 6-23-08. plaintiff has and had a chrono, which stated PARMANENT ground floor cell and PARMANENT lower bunk. see Third level appeal decision chrono's. As plaintiff stated staff and medical ignored his chrono shown in his appeal, staff only made smart remarks instead of affording him proper Accommodation. which lead To plaintiff fall.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief: $500.000.00 dollars Compensatory damages due to the injury that could have been prevented, if staff and medical would have followed doctors order in his chrono. Punitive Damages at $250.000.00 dollars. To deter the defendants from this on going policy of disregarding inmates lower risk, lower bunk chrono's because they fell they can. And disregard the possibility of injury. Discovery will show on going law suits due to this prisons on going disregards to lower tier, lower bunk chrono's from any other prison. This has been going on for years.

_7-11-2016_
*(Date)*

_(Signature of Plaintiff)_

Exhibit (A)
602

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

### THIRD LEVEL APPEAL DECISION

Date: **JUN 0 1 2016**

In re:   Khaaliq Binns, G20397
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

TLR Case No.: 1510365          Local Log No.: LAC-15-05012

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner G. Murphy, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the California State Prison, Los Angeles County (LAC) is creating an unsafe living environment for him. The appellant claims he has a medical condition that requires assignment to a lower bunk. The appellant asserts staff ignored his medical needs when he entered the Reception Center. He alleges the staff at LAC did not honor the medical Chrono's he presented to them regarding his housing needs. The appellant claims staff just respond with a smart remark instead of affording him proper accommodation. The appellant alleges a Correctional Officer stated his Chrono's were meaningless at LAC, and alleges a Correctional Sergeant threatened to throw his property away and make him sleep outside if he did not cooperate with staff regarding assigned housing. He asserts staff assigned him to an upper bunk where he is in danger of injuring himself. The appellant claims the doctor drafted a Chrono for a lower bunk housing assignment, but that he needed to, "wait for Sacramento to okay the Chrono." The appellant asserts he is suffering cruel and unusual punishment in regard to his housing assignment. The appellant requests that he receive $500,000.00 in compensatory damages, that an updated Chrono be placed into his files, and that LAC staff cease ridiculing him regarding his medical condition.

**II   SECOND LEVEL'S DECISION:** The First Level of Review (FLR) found the appellant moved from his housing assignment in "A3-235L" to "A5-129U" on December 11, 2015. The FLR found the appellant moved from his housing assignment in "A5-129U" to "A2-250L" on December 15, 2015. The FLR found the appellant had no housing restrictions on December 11, 2015. The Reviewer affirmed with the housing unit Officer and the area Sergeant that they had confirmed any necessary accommodations at the time of the move. The Reviewer granted the appellant's requests for appropriate housing and freedom from ridicule from staff. The appellant's other requested actions were denied. The Second Level of Review (SLR) affirmed the decision of the FLR and noted the CDCR Form 7410, Comprehensive Accommodation Chrono dated 2008 that the appellant provided with this appeal. This was not entered into the Strategic Offender Management System (SOMS) or the Disability and Effective Communications System (DECS) and was not presented to the Officer or Sergeant on December 11, 2015. The SLR found the LAC staff housed the appellant appropriately on December 11, 2015, based upon the information available on that date in the departmental data bases, the appellant's Central File and his electronic Unit Health Record. The SLR found a CDCR 7410 was drafted on December 14, 2015, documenting the appellant's need for a lower bunk housing assignment, and he was moved to "A2-250L" on December 15, 2015. The Reviewer advised the appellant of the California Code of Regulations, Title 15, Section (CCR) 3269 which states inmate housing assignments shall be made on the basis of available documentation and individual case factors. Inmates are not entitled to single cell assignment, housing location of choice, or to a cellmate of their choice. The appeal was granted in part at the SLR.

**III   THIRD LEVEL DECISION:** Appeal is denied.

  **A.   FINDINGS:** The documentation and arguments presented to the Third Level of Review (TLR) are conclusive that the appellant has failed to support his appeal issue with sufficient evidence or fact to warrant a modification of the Reviewer's response at the SLR. The TLR Examiner has carefully considered all the documents and information provided as well as weighing the impact of current laws,

KHAALIQ BINNS, G20397
CASE NO. 1510365
PAGE 2

policies and procedures to formulate a decision. The Examiner notes the appellant's allegations regarding an inappropriate housing assignment and unprofessional conduct by staff. The TLR finds the appellants allegations are unsupported by any evidence. The TLR finds that the appellant arrived at LAC on November 10, 2015, and that the CDC Form 1882, Initial Housing Review documents no housing restrictions at that time. The Examiner notes the appellant was moved from "A3-235L" to "A5-129U" on December 11, 2015. The Examiner notes the appellant was transported to an outside medical facility on December 12, 2015, and was provided a CDC Form 1845, Disability Placement Program Verification (DPPV) and a CDCR 7410 on December 14, 2015. The TLR finds that the CDCR 1845 dated December 14, 2015, documents the appellant has no disability; and that the CDCR 7410 dated December 14, 2015, documents the appellant requires lower bunk housing. The TLR finds the appellant was moved to a lower bunk on December 15, 2015, specifically, "A2-250L" where he remains as of the date of this review. The appellant's contention staff ignored his medical needs and medical Chronos is unsupported in that it was confirmed he did not present the Chronos to staff and they were not in SOMS or DECS. In view of the above, no relief is warranted at the TLR.

**B.   BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3004, 3269, 3270, 3380, 3391

**C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA  95812-3035, for further review.


G. MURPHY, Appeals Examiner
Office of Appeals

cc:    Warden, LAC
       Appeals Coordinator, LAC

M. VOONG, Chief
Office of Appeals

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                                              Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1510365  G20397 | LAC-A | 15-05012 | 9 |
| | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare. [...] o other prescribed method of departmental review/remedy available.   See California Code of Regulation [...] this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of [...] ditional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.   No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| BINNS, Khaaliq | G20397 | 2A #250 | UNASSIGNED |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

INJURY DUE TO FALL CLIMBING DOWN FROM TOP BUNK BACKWARDS

DEC 21 2015

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): THIS IS AGAINST WARDEN,
C/O HUNTER, SEARGANT JAMISON AND OTHER C/o's AND MEDICAL STAFF. I ENTERED RECEPTION CENTER
WITH RODS/PINS IN MY LEFT LEG, AND HAVE PAIN WITH PROLONG STANDING. SEE SUPPORTING document.
I TOLD SEARGANT JAMISON AND C/o HUNTER ABOUT MY MEDICAL ISSUES BEFORE THIS ACCIDENT AND ASSIGNMENT.

JAN -6 2016

JAN 29 2016

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): I request COMPENSATARY
damages of $50,000 DOLLARS. AND UPDATE MY CHRONOS, AND STOP THE ridicule
of MY HEALTH ISSUES.

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Chrono                                    HEALTH CARE REQUESTS
RECEPTION & PRISON medical record          Medical LAY-IN order CDC 7257

☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: _[signature]_                     Date Submitted: 12-17-2015

KB  By placing my initials in this box, I waive my right to receive an interview.

---

C.  First Level - Staff Use Only                     Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: DEC 2 2 2015   Date: ____   Date: ____   Date: ____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: AW-OPS         Title: _____   Date Assigned: 1/6/16   Date Due: 2/19/16

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 1-13-2016              Interview Location: FACILITY 'A' SGT. OFFICE
Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: ____
                       See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: D. SCHUMACHER   Title: SGT.   Signature: Schumacher       Date completed: 1-13-2016
             (Print Name)
Reviewer: E. JORDAN   Title: AW   Signature: _[signature]_
          (Print Name)   JAN 20 2016
Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant   JAN 20 2016   __/__/__ |

1 of 2 copies

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
Case 3:16-cv-05481-DSF-SHK   Document 1   Filed 07/22/16   Page 11 of 39   Page ID #:11
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602 (REV. 08/09)
Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

I AM NOT SATISFIED. ANOTHER INMATE WITH WITH LOWER TIER JUST CAME AND HAD LOWER BUNK, FROM ANOTHER PRISON (INMATE ALKINS IN 3 BUILDING) WAS PUT ON TOP BUNK AND I WAS JUST MOVED TO LOWER BUNK. THE SAME THING KEEPS going ON AND ON, PLUS C/O JAMISON THREATEN ME TO MOVE AFTER I SHOWED HIM PROOF OF my LOWER BUNK CHRONO STATING "I WILL THROW YOUR PROPERTY OUT AND MAKE you homeless"

Inmate/Parolee Signature: _Khwaly Rom_   Date Submitted: _1-27-2016_

**E. Second Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _OPS_   Title: _AW_   Date Assigned: _2/1/16_   Date Due: _3/14/16_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _1-13-16_   Interview Location: _FAC A Prog._

Your appeal issue is: ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _S. Kuhn_   Title: _LT._   Signature: _____   Date completed: _2-8-16_
(Print Name)

Reviewer: _X. Cano_   Title: _CDW_   Signature: _____
(Print Name)

Date received by AC: _FEB 2 5 2016_

AC Use Only
Date mailed/delivered to appellant   FEB 2 5 2016

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I AM dissatisfied as stated in 602. Inmate made all defendants aware of my medical condition by exposing to them a copy of my "Permanent" chronos for lower bunk and metal rod in left leg, dated 9-16-08. This Form shall be honored as a permanent chrono at all institutions. It was not honored at Lancaster and discovery will show that policy at not honoring such chronos. and I was forced to move from facility "A" Building 3 Cell 235 Low by C/o hunter to building "5" Cell 129 u without a bed move being uploaded in computer and C/o Hess told me it was not logged.

Inmate/Parolee Signature: _Khwaly Rom_   Date Submitted: _3-3-2016_

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   JUN 03 2016

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| *1510365* | LAC-A | 15-05012 | 9 |
| | *FOR STAFF USE ONLY* | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Binns, Khaaliq | CDC Number: G20387 | Unit/Cell Number: A-2 #250 | Assignment: UNASSIGNED |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** As shown By my RECEPTION
medical records, I have A metal rod in my left Leg. I cant Have prolong
standing. I still have the metal rod in my Leg which causes me pain
daily. As shown by chronos, This was ordered permanently, But prisons
do not Honor chronos. I showed medical staff, doctor and c/o's But All
Have some kind of smart remark to make. I was moved From 3 Block
(From Bottom Bunk). I explain when I was moving I was Having pain in Leg
With the Rod and showed my chrono. MR Hunter stated "your chronos
means nothing Here, you dont control Lancaster, so I was ordered By
Jamison and Hunter to the Top Bunk in 5 Building After Being threatened
By Jamison That He would throw my property away and make me sleep
outside on the yard if I didnt Pick my stuff" (sgt Jamisons sayings).
I fell and hurt myself the day After I moved coming from the top Bunk.
I talked to Doctor 12-14-2015. She said she ordered the chrono For lower
tier, but I have to wait for sacramento to ok the chrono. So Again I am
At Risk of falling From The top Bunk. This is cruel and unusual punishment
guaranteed by the eight amendment as stated in Hairtfield V. Or
Dept of correction 243 u.s. Dist. Let is L36 708 may 9, 2013.
I was given A Lty in For 2 days. See documents.

**Inmate/Parolee Signature:** _Kim Binns_    **Date Submitted:** 12-15, 2015
I was threatened to when I came back From The hospital I
had handcuffs put on my legs with The Rod in it.

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

DEC 21 2015
JAN 6 2016
JAN 29 2016
INMATE APPEALS BRANCH
STAFF USE ONLY
RECEIVED

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                                    Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** ON 12-11-2015 when I was moved from Facility A Building 3 "Cell 235 Low to "Facility A building 5 cell 129 up"; I was told by Correctional officer Hess in building 5 that I was not logged in the bed assignments to be moved in his building and he had me wait inside of the dayroom for 30 minutes after I told him my situation with c/o hunter in building 3 and how he forced me to move by threatning me with Jamison telling me he didn't care for any chronos and that Schumaker does not run this "program" when Schumaker told c/o hunter to place me in 235 low building 3 on 12-10-2015. then on 12-11-2015 when Schumaker was not at work on A-yard, c/o hunter moved me to building 5." I also showed c/o hess a copy of my permanent chrono for lower bunk when I stepped in his building 5 and he had to find me housing and assumed to me, stating — "It must have been hunter who did this to you" and my reply was "yes" sir, hunter and Jamison. Jamison threaten me to move when I came inside of his office on 12-11-2015, showing him a copy of permanent chronos while c/o hunter was present inside the office. Jamison yelled at me "IF you dont like this yard and dont want to move; you know how to leave!"

**Inmate/Parolee Signature:** _Kelrmyk Bm_   **Date Submitted:** 3-3-2016

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**STATE PRISON-LOS ANGELES COUNTY**
**FIRST LEVEL APPEAL RESPONSE**

| | |
|---|---|
| **Appeal Log No.:** | LAC-A-15-05012 |
| **Inmate/CDCR#:** | BINNS, G20397 |
| **Assigned Reviewer:** | D. SCHUMACHER, CORRECTIONAL SERGEANT |
| **Appeal Issue:** | LIVING CONDITIONS |
| **Appeal Decision:** | PARTIALLY GRANTED |

**APPEAL ISSUE:**
The Appellant states that he entered the reception center with rod and pins in his left leg and has pain with prolonged standing. The Appellant states that he informed Correctional Sergeant D. Jemison and Correctional Officer D. Hunter of his medical condition which they ignored. Additionally, the Appellant states that he was moved from a lower bunk in Building 3 on Facility 'A' to an upper bunk in Building 5 on Facility 'A'. The Appellant further states that the day after he was moved to Facility 'A' Building 5, he fell and hurt himself.

**ACTION REQUESTED:**
The Appellant requests compensatory damages in the amount of $500,000.00. Additionally, the Appellant requests that his medical Chrono's be updated and the ridicule of his health issues stop.

**APPEAL RESPONSE:**
On Wednesday, January 13, 2016, Correctional Sergeant D. Schumacher interviewed the Appellant in person to provide him the opportunity to fully explain his appeal and to provide him with the opportunity to submit supporting information or documentation. The Appellant did not provide any other information or documentation relative to his appeal. An inquiry of this appeal was conducted, which included interviews with the Appellant, Correctional Sergeant D. Jemison, Correctional Officer D. Hunter, a review of this appeal with its attachments, the Strategic Offender Management System (SOMS) Bed Assignments, and DPP Disability/Accommodation, The Disability and Effective Communication System (DECS), and the application of relevant departmental policy and institutional procedures.

**APPEAL FINDINGS:**
The results of the inquiry revealed that the Appellant did move from Facility 'A' Building 3 Cell 235L to Facility 'A' Building 5 Cell 129U on Friday, December 11, 2015. On Tuesday, December 15, 2015, the Appellant did move from the Facility 'A' Building 5 Cell 129U into Facility 'A' Building 2 Cell 250L. Furthermore, after interviewing both Correctional Sergeant D. Jemison and Correctional Officer D. Hunter, they both determined at the time of the housing assignment on Friday, December 11, 2015 the Appellant had no housing restrictions and was able to be assigned to an upper bunk.

Additionally, according to departmental policy and institutional procedures, Inmate Housing Assignments shall be made on the basis of available documentation and individual case factors. Inmates are not entitled to single cell assignment, housing location of choice, or to a cellmate of their choice.

JAN 2 9 2016

**FIRST LEVEL REVIEWER'S RESPONSE**
**LAC-A-15-05012**
**PAGE 2**

<u>**APPEAL DECISION:**</u>
Based on the above, this appeal is **PARTIALLY GRANTED** in that the Appellant was rehoused on Tuesday, December 15, 2015, to a lower bunk and will not be ridiculed for his medical issues. The Appellants request to have his medical Chrono's updated and compensatory damages in the amount of $500,000.00 are beyond the scope of the appeals process, therefore is **DENIED**.

The Appellant may request a Second Level review is he is dissatisfied with this decision.

_Schumacher_                                              01-13-2016
**D. SCHUMACHER**                                    **DATE**
Correctional Sergeant, Facility 'A'
California State Prison-Los Angeles County

_E. Jordan_                                                  1/20/16
**E. JORDAN**                                           **DATE**
Associate Warden, Central Operations "A&B"
California State Prison–Los Angeles County

"NOT SATISFIED"

JAN 2 9 2016

State of California
and Rehabilitation

Department of Corrections

# Memorandum

Date:     February 08, 2016

To:       BINNS, CDCR#G20397
          Housing Unit LAC-FAB2-250L
          California State Prison-Los Angeles County

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER-LAC-A-15-05012

**APPEAL ISSUE:**
You state that you entered the reception center with rod and pins in your left leg and
in pain with prolonged standing. You state that you informed Correctional Sergeant D.
Jemison and Correctional Officer D. Hunter of your medical condition which they
ignored. Additionally, you were moved from a lower bunk in Building 3 on Facility 'A'
to an upper bunk in Building 5 on Facility 'A'. You further state that the day after you
were moved to Facility 'A' Building 5, you fell and hurt yourself.

In your statement for dissatisfaction at the First Level Response, you claim another
inmate just transferred in with a Lower Bunk/Lower Tier Chrono from another prison
and he was placed on a top bunk prior to being moved to a lower bunk.

**ACTION REQUESTED:**
You request compensation of $500,000.00 dollars, have your health records updated
and the ridicule of your health issues cease.

**REGULATIONS:**
The rules governing this issue are:
**CCR 3084.1, Right to Appeal**
**CCR 3084.2, Appeal Preparation and Submittal**
**CCR 3084.3, Supporting Documents**
**CCR 3084.7, Levels of Appeal Review and Disposition**
**CCR 3269, Inmate Housing Assignments**

**SUMMARY OF INQUIRY:**
On Wednesday, January 13, 2016, Correctional Sergeant D. Schumacher
interviewed you at the First Level in person to provide you the opportunity to fully
explain your appeal and to provide you with the opportunity to submit supporting
information or documentation. You did not provide any other information or
documentation relative to your appeal.

Correctional Lieutenant, S. Kuhn, was assigned to review this appeal at the Second
Level of Review. An inquiry of this appeal was conducted, which included interviews
with the Appellant, Correctional Sergeant D. Jemison, Correctional Officer D. Hunter,
a review of this appeal with its attachments, the Strategic Offender Management
System (SOMS) Bed Assignments, and DPP Disability/Accommodation, The
Disability and Effective Communication System (DECS), and all applications of
relevant departmental policy and institutional procedures. An interview was
conducted on the First Level of Review, therefore is not warranted at the Second
Level of Review.

INMATE BINNS CDCR# G20397
LAC-A-15-05012
PAGE 2

At the Second Level, the appeal and all attachments were reviewed to include the First Level Response and Appellants reason of dissatisfaction.

**APPEAL FINDINGS:**
The results of the inquiry revealed that the Appellant did move from Facility 'A' Building 3 Cell 235L to Facility 'A' Building 5 Cell 129U on Friday, December 11, 2015. On Tuesday, December 15, 2015, the Appellant did move from the Facility 'A' Building 5 Cell 129U into Facility 'A' Building 2 Cell 250L.   Furthermore, after interviewing both Correctional Sergeant D. Jemison and Correctional Officer D. Hunter, they both determined at the time of the housing assignment on Friday, December 11, 2015, the Appellant had no housing restrictions and was able to be assigned to an upper bunk. This determination was made by reviewing the DECS report, SOMS and the DPP Disability Accommodation on December 11, 2015. The Comprehensive Accommodation Chrono dated 2008, was never entered into SOMS or DECS and the inmate never presented his copy to the Officer or Sergeant. On December 14, 2015 Doctor Chen completed a 7410 Comprehensive Accommodation Chrono on the appellant showing Permanent Bottom Bunk. The appellant was moved on December 15, 2015 based on the 7410 authored by Dr. Chen.

Additionally, according to departmental policy and institutional procedures, Inmate Housing Assignments shall be made on the basis of available documentation and individual case factors.  Inmates are not entitled to single cell assignment, housing location of choice, or to a cellmate of their choice.

**APPEAL DECISION:**
Based on the above, this appeal is **PARTIALLY GRANTED** in that you were rehoused on Tuesday, December 15, 2015, to a lower bunk and will not be ridiculed for your medical issues. Your request to have your medical Chrono's updated and compensatory damages in the amount of $500,000.00 are beyond the scope of the appeals process, therefore is **DENIED**.

If you are dissatisfied with the Second Level Response, he is advised that this issue may be submitted for a Third Level Review by following the instructions in Section F of the 602 form.

XAVIER CANO
Chief Deputy Warden
CSP-Los Angeles County

# COMPREHENSIVE ACCOMMODATE CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access P/T _____ | 4. Bottom Bunk | (P)/T |
| 2. Ground Floor Cell (P)/T _____ | 5. Single Cell (See 128-C date: _____ ) | P/T |
| 3. Continuous Powered Generator P/T _____ | 6. Permanent OHU / CTC (circle one) | P/T _____ |
| | 7. Other | P/T _____ |

## MEDICAL EQUIPMENT/SUPPLIES

None

| | | |
|---|---|---|
| 8. Limb Prosthesis P/T _____ | 16. Wheelchair (type) _____ | P/T |
| 9. Brace P/T _____ | 17. Contact Lens(es) & Supplies | P/T |
| 10. Crutches P/T _____ | 18. Hearing Aid | P/T |
| 11. Cane: (type) _crutch_ (P)/T _____ | 19. Special Garment: _____ | |
| 12. Walker P/T _____ | (specify) _____ | P/T |
| 13. Dressing/Catheter/Colostomy Supplies P/T _____ | 20. Rx. Glasses: _____ | P/T |
| 14. Shoe: (specify) _Personal high top_ /T _____ | 21. Cotton Bedding | P/T |
| 15. Dialysis Peritoneal P/T _____ | 22. Extra Mattress | P/T |
| | 23. Other | P/T |

## ATTENDER

(None)

| | | |
|---|---|---|
| 24. Attendant to assist with meal access P/T _____ and other movement inside the institution. | 26. Therapeutic Diet: (specify) _____ | P/T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | 27. Communication Assistance | P/T |
| | 28. Transport Vehicle with Lift | P/T |
| 25. Wheelchair Accessible Table P/T _____ | 29. Short Beard | P/T |
| | 30. Other | P/T |

## PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☐ Yes ☐ No

If yes, specify: _no jumping_

| INSTITUTION _HCP_ | COMPLETED BY (PRINT NAME) _P. GOALAG_ | TITLE _MD_ |
|---|---|---|
| SIGNATURE _____ | DATE _6/22/08_ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE _____ | DATE _6/24/08_ | _BINNS, KH AA4G_ |
| (APPROVED) (list the number of items approved) | _NO limit_ | _G 20397_ |
| DENIED (list the number of items denied) | | _8-25-89_ |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (08/04)

Distribution: Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor

_JAN 29 200_

_7605669_
_BJ-236_

DEPARTMENT OF CORRECTIONS AND REHABILITY

STATE OF CALIFORNIA
**RECEPTION CENTER MEDICAL CLEARANCE / RESTRICTION INFORMATION CHRONO**
CDCR 128-C-1 (Rev 04/06)

| CDCR NUMBER | NAME |
|---|---|
| G20397 | BINNS, KHAALIQ |

**MEDICAL ELIGIBILITY:**
- [x] FULL DUTY
- [ ] CAMP
- [ ] CCF
- [ ] RESTRICTED/LIGHT DUTY
- [ ] MEDICALLY UNASSIGNED
  - [ ] SHORT TERM
  - [ ] LONG TERM
- [ ] WELL HANDICAPPED
  (Program Eligible)
- [ ] FOOD HANDLING
  - [x] CLEARED
  - [ ] NOT CLEARED

**MEDICAL RESTRICTIONS:**
- [ ] COMMUNICABLE DISEASE
  - [ ] SEIZURE DISORDER
    DATE OF LAST
    SEIZURE: _____
- [ ] CHRONIC INFECTIOUS DISEASE,
  GROUP I, II, III, IV.
- [ ] COMMUNICABLE DISEASE
  (i.e., TB, HEPATITIS, SYPHILIS)
- [ ] ROUTINE FOLLOW-UP NEEDED
- [ ] URGENT FOLLOW-UP NEEDED

**HEARING IMPAIRED**
- [ ] HAS HEARING AID
- [ ] NEEDS HEARING AID
- [ ] SERIOUS VISION PROBLEM
- [ ] BLIND
- [ ] MEDICATION ALLERGIES
  - [ ] YES
  - [x] NO

**CHRONIC DISEASE:**
- [ ] MEDICATION REQUIRED
- [ ] DIABETIC
  - [ ] ORAL    [ ] INJECTION
- [ ] RESPIRATORY (e.g., asthma)
  - [ ] MEDICATION REQUIRED
- [ ] HEART DISEASE / HYPERTENSION
  - [ ] MEDICATION REQUIRED
- [ ] ORTHOPEDIC PROBLEM (Debilitating)
  - [x] LOWER BUNK NEEDED
  - [x] LOWER TIER NEEDED

**MOBILITY IMPAIRED**
- [ ] PARAPLEGIC        [ ] QUADRIPLEGIC
- [ ] WHEELCHAIR        [ ] WALKER
- [ ] CANE
- [ ] AMPUTEE
  - [ ] LEGS  [ ] LEFT    [ ] RIGHT
  - [ ] ARMS  [ ] LEFT    [ ] RIGHT
- [ ] PROSTHESIS
  - [ ] FULL   [ ] PARTIAL

**PSYCHIATRIC CONDITION**
- [ ] CLEARED
- [ ] NEEDS EVALUATION
- [ ] PSYCHIATRIC MEDICATION NEEDED
  - [ ] YES
  - [ ] NO

**DENTAL PRIORITY CLASSIFICATION**
- [x] ... [ ] 1A  [ ] 1B  [ ] 1C  [ ] 2  [x] 3  [ ] 4
- [ ] PATIENT REFUSED SCREENING

**PREGNANT**
- [ ] TRIMESTER:    [ ] 1  [ ] 2  [ ] 3

DISTRIBUTION:
ORIGINAL - C-FILE          COPY - CDCR HEALTH RECORD
COPY - C&PR                COPY - INMATE

OTHER RESTRICTIONS: _Rt Metal rod left leg + pain _____

INSTITUTION        PHYSICIAN'S SIGNATURE AND TITLE          DATE: 10-23 ...
NKSP

JAN - 6 2016

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | (P)/ T | |
| Barrier Free/Wheelchair Access | R / T | Single Cell (See 128-C date: _____ ) | P / T | |
| Ground Floor Cell | (P)/ T | Permanent OHU / CTC (circle one) | P / T | |
| Continuous Powered Generator | P / T | Other _____ | | |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | Wheelchair: (type) | P / T | |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T | |
| Brace | P / T | Hearing Aid | P / T | |
| Crutches | P / T | Special Garment: | | |
| Cane: (type) *walkg* | (P)/ T | (specify) | P / T | |
| Walker | P / T | Rx. Glasses: | P / T | |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding | P / T | |
| Shoe: (specify) *soft sho* | (P)/ T | Extra Mattress | P / T | |
| Dialysis Peritoneal *Tennis Shoe* | P / T | Other | P / T | |

## C. OTHER

| | | | | |
|---|---|---|---|---|
| (None) | | Therapeutic Diet: (specify) | P / T | |
| Attendant to assist with meal access and other movement inside the institution. | P / T | Communication Assistance | P / T | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T | |
| | | Short Beard | P / T | |
| Wheelchair Accessible Table | P / T | Other | | |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☑ Yes   ☐ No

If yes, specify: _____ *No jump* _____

| INSTITUTION | | COMPLETED BY (PRINT NAME) | | TITLE |
|---|---|---|---|---|
| NKSP Dumidicg Physician and Su... | | *Dubiace* | | *MD* |
| SIGNATURE | DATE 9/16/08 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH | | |
| HCM/CMO SIGNATURE *FN Dr Yusuf MD* | DATE 9/17/08 | BINNS, Khaden | | |
| (CIRCLE ONE) APPROVED / DENIED | *NO limit* | T92611 | | |
| | | 6 20377 | | |

COMPREHENSIVE ACCOMMODATION CHRONO

3939186

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I:  TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

DEC 21 2015

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME Binns | CDC NUMBER 1620397 | HOUSING A5 129 |
|---|---|---|

| PATIENT SIGNATURE  Khonly Binns | DATE  12-18-2015 |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had
The Problem)  My left leg keeps going out on me and im having alot of
sharp pain

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON
BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

JAN 2 9 2016

JAN - 6 2016

**CDC 7362 (Rev. 03/04)**   Original - Unit Health Record     Yellow - Inmate (if copayment applicable)     Pink - Inmate Trust Office (if copayment applicable)     Gold - Inmate

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST**
CDC 7362   PAGE 2

DEPARTMENT OF CORRECTIONS

# IMPORTANT INFORMATION ABOUT YOUR
# HEALTH CARE VISIT

**WHEN DO YOU HAVE TO PAY FOR A HEALTH CARE VISIT?**

On July 9, 1994, a California State law was passed.  That law gave the Department of Corrections permission to charge inmates a fee when they request a health care visit.  The California Code of Regulations, Title 15, Div 3, has also been changed because of this law.

With some exceptions, **YOU WILL BE CHARGED** a five dollar ($5.00) copayment fee for each health care visit that you request.  This includes requests made for you by departmental staff, other inmates, your family or your attorney.  If you request services that require more than one doctor, you will be charged for each initial visit with each doctor.  This means if you request dental services and medical services, you will be charged for the visit with the dentist and the doctor/nurse.

The copayment fee will be charged to your trust account.  If there is not enough money in your trust account over a period of 30 days, you will not be charged.

The copayment of $5.00 for this visit will cover your visit with a doctor, nurse, or dentist.  It will also cover prescribed medicines, laboratory tests, and referrals to other doctors.

**YOU WILL NOT BE CHARGED** for health care visits that are for:

an emergency.

a communicable disease (such as HIV, AIDS, and TB).

mental health services.

follow up health care services recommended by a doctor, nurse, or dentist.

health care services necessary to comply with State law and regulations (e.g., annual TB testing).

reception center screening and evaluation.

inpatient services, extended care, or skilled nursing services.

**YOU WILL NOT BE DENIED HEALTH CARE IF YOU DO NOT HAVE MONEY IN YOUR TRUST ACCOUNT TO PAY THE FEE.**

3939187

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I:  TO BE COMPLETED BY THE PATIENT

DEC 21 2015

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☒ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |

| NAME  Binvivs, Elliptics | CDC NUMBER  G20397 | HOUSING  15 H 124 |

| PATIENT SIGNATURE | DATE  12-12 2015 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had
The Problem)  I REQUEST A COPY of my medical Records FoR
12-12-2015 FRom Mchaule medical Center-RJ
Chrctors Paic NRHVill CENTER

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON
BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

JAN 29 2016

**CDC 7362 (Rev. 03/04)**   Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST**
CDC 7362   PAGE 2

DEPARTMENT OF CORRECTIONS

# IMPORTANT INFORMATION ABOUT YOUR
# HEALTH CARE VISIT

### WHEN DO YOU HAVE TO PAY FOR A HEALTH CARE VISIT?

On July 9, 1994, a California State law was passed. That law gave the Department of Corrections permission to charge inmates a fee when they request a health care visit. The California Code of Regulations, Title 15,Div 3, has also been changed because of this law.

With some exceptions, **YOU WILL BE CHARGED** a five dollar ($5.00) copayment fee for each health care visit that you request. This includes requests made for you by departmental staff, other inmates, your family or your attorney. If you request services that require more than one doctor, you will be charged for each initial visit with each doctor. This means if you request dental services and medical services, you will be charged for the visit with the dentist and the doctor/nurse.

The copayment fee will be charged to your trust account. If there is not enough money in your trust account over a period of 30 days, you will not be charged.

The copayment of $5.00 for this visit will cover your visit with a doctor, nurse, or dentist. It will also cover prescribed medicines, laboratory tests, and referrals to other doctors.

**YOU WILL NOT BE CHARGED** for health care visits that are for:

an emergency.

a communicable disease (such as HIV, AIDS, and TB).

mental health services.

follow up health care services recommended by a doctor, nurse, or dentist.

health care services necessary to comply with State law and regulations (e.g., annual TB testing).

reception center screening and evaluation.

inpatient services, extended care, or skilled nursing services.

**YOU WILL NOT BE DENIED HEALTH CARE IF YOU DO NOT HAVE MONEY IN YOUR TRUST ACCOUNT TO PAY THE FEE.**

3943454

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I:  TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

DEC 21 2015

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME  *Khaaliy Binns* | CDC NUMBER  *G20847* | HOUSING  *AS # 124* |
|---|---|---|

| PATIENT SIGNATURE  *Khaaliy Binns* | DATE  *12-13-2015* |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had
The Problem)  *My left wrist in pain. Fell off my bunk 12-12 2015*
*And Have not seen a Doctor since I've been Back or*
*Received medication for pain. Can I see Doctor Chin*

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON
BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

JAN 29 2016

JAN -6 2016

---

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

STATE OF CALIFORNIA
**HEALTH CARE SERVICES REQUEST**
CDC 7362   PAGE 2

DEPARTMENT OF CORRECTIONS

# IMPORTANT INFORMATION ABOUT YOUR
# HEALTH CARE VISIT

**WHEN DO YOU HAVE TO PAY FOR A HEALTH CARE VISIT?**

On July 9, 1994, a California State law was passed.  That law gave the Department of Corrections permission to charge inmates a fee when they request a health care visit.  The California Code of Regulations, Title 15, Div 3, has also been changed because of this law.

With some exceptions, **YOU WILL BE CHARGED** a five dollar ($5.00) copayment fee for each health care visit that you request.  This includes requests made for you by departmental staff, other inmates, your family or your attorney.  If you request services that require more than one doctor, you will be charged for each initial visit with each doctor.  This means if you request dental services and medical services, you will be charged for the visit with the dentist and the doctor/nurse.

The copayment fee will be charged to your trust account.  If there is not enough money in your trust account over a period of 30 days, you will not be charged.

The copayment of $5.00 for this visit will cover your visit with a doctor, nurse, or dentist.  It will also cover prescribed medicines, laboratory tests, and referrals to other doctors.

**YOU WILL NOT BE CHARGED** for health care visits that are for:

an emergency.

a communicable disease (such as HIV, AIDS, and TB).

mental health services.

follow up health care services recommended by a doctor, nurse, or dentist.

health care services necessary to comply with State law and regulations (e.g., annual TB testing).

reception center screening and evaluation.

inpatient services, extended care, or skilled nursing services.

**YOU WILL NOT BE DENIED HEALTH CARE IF YOU DO NOT HAVE MONEY IN YOUR TRUST ACCOUNT TO PAY THE FEE.**

STATE OF CALIFORNIA

# MEDICAL/DENTAL LAY-IN ORDER

DEPARTMENT OF CORRECTIONS

INMATE'S NAME
Binns, Khaaliq ~ X

CDC NUMBER
G 30 897

HOUSING
H

ABOVE SUBJECT MUST BE CONFINED TO BED FOR MEALS, MEDICATION, AND SICK CALL.

LAY-IN NUMBER
layin form CHD w/x a-days

SIGNATURE OF M.D., R.N., M.T.A., D.D.S., R.D.A.
R.n / A Chen DO    12/14/15

C.C. WORK ASSIGNMENT SUPERVISOR
HOUSING UNIT

CDC 7257 (Rev 6/97)

STATE OF CALIFORNIA

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDCR 7410 (10/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 1

### A. HOUSING

☐ Unrestricted

☐ Barrier Free/Wheelchair Access

☐ Ground Floor- Limited Stairs

☐ Ground Floor- No Stairs

☑ Bottom Bunk

◉ Permanent

○ Temporary

○ Expires on ▦

### B. OTHER

☐ Inmate Attendant/ Assistance

☐ Full Time Wheelchair User Accommodations

☐ Limited Wheelchair User Accommodations

☐ Transport Vehicle with Lift

☐ Restraint Alert for Non-Emergent Escort or Transportation

☐ Extra Time for Meals

### C. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

☐ UV Exposure Restriction - Restricting direct unprotected sunlight exposure for more than 30 minutes between the hours of 1000-1600

☐ Lifting Restriction - Unable to lift more than 19 pounds

☐ No rooftop work, no ladders, no hazardous machinery, no sharp objects, and no operating a motorized vehicles

### ☐ D. NON FORMULARY ACCOMMODATION(S)

### E. COMMENTS

☐ See 7536 Durable Medical Equipment and Supply Receipt

| | | |
|---|---|---|
| Clinician Name: | Chen, Anna@CDCR | CDCR#: G20397 |
| Clinician Signature: | Digitally Authenticated | Last Name: BINNS |
| CME Name: | | First Name: KHAALIQ    MI: |
| CME Signature:<br>(Non-Formulary Only) | | DOB: 8/25/1981 |
| Date: | 12/14/2015 | Institution: LAC |
| | | Housing: A 005 1129001U |

This form has been approved electronically by Chen, Anna@CDCR on 2015-12-14 17:08:04.

Move to Completed

JAN 2 9 2016

Version 4.3.1

**Release Note**

| Summary | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem / Log Out

CDC # : [G20397]  [Search]          CDC Number: G20397, BINNS, KHAALIQ

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **G20397** [Other] |
| Name: | **BINNS, KHAALIQ** |
| Institution: | **California State Prison, Los Angeles County** |
| Bed Code: | **A 002 2250001L** |
| Placement Score: | **49** |
| Custody Level: | **Close B** |
| Housing Pgm: | **GP - Gen Pop** |
| Housing Restrictions: | **Lower/Bottom Bunk Only** |
| Physical Limitations to Job/Other: | |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **06/23/2008** |
| DPP Codes: | [History] |
| 1845 Date: | **12/14/2015** |
| MHSDS Code: | |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **2.2** |
| TABE Date: | **07/14/2015** |
| Durable Medical Equipment: | **Shoes**  [Info] |
| Dialysis: | **No** |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **06/19/2008** |
| Last Return Date: | |
| Extended Stay Date: | **08/18/2008** |
| Extended Stay Privileges? | |
| Release Date: | **06/30/2080** |
| 120 Day Date: | **03/02/2080** |
| Next IDST Date: | |

### Work/Vocation/PIA

1  2

| | |
|---|---|
| Group Priv: | **A** |
| Group Work: | **A1** |
| Start Date: | **03/23/2012** |
| Status: | **Halftime** |
| Job Position: | **A01.001.021** |
| Job Title: | **ABE 100 27A AM** |
| IWTIP Code: | **A** |
| IWTIP Description: | **Academic Education** |
| Regular Day Off: | **SU, S, H** |
| Work Hours: | **0830-1130** |

### Accommodation History

| | | |
|---|---|---|
| 05/11/2011 | Consultation | No Accommodation |

JAN 2 9 2016

Name: BINNS, KHAALIQ                                   CDC #: G20397  PID #: 11218577

CHSS035B          **DPP Disability/Accommodation** Wednesday January 13, 2016 10:53:07 AM

| | |
|---|---|
| Date of Form: 12/15/2015 | Time: 07:24:09 |
| Facility: LAC-Facility A  [LAC-A] | |
| Staff Name: Chen, Anna M | |
| Type of Form: Accommodation Chrono | Data Source: SOMS |

**Housing Restrictions**

| Restriction Type | Duration | Expiration Date | Re-Evaluation |
|---|---|---|---|
| Lower/Bottom Bunk Only | Permanent | 12/31/9999 | Yes |

**Physical Limitations to Job/Other**

| Physical Limitations | Qualifier | Duration | Expiration Date | Re-evaluation |
|---|---|---|---|---|
| No Rows Found | | | | |

**Items Removed**

None

**Non Formulary Accomodations/Comments**

Corrected per CDCR 7410 dated 12/14/15.
TimeStamp: 15 December 2015 07:24:38 --- User: Dana Broussard (BRDA070)

**Prior Page**

Show Last Updated Information

Binns, G20397

A2-250

Case 2:16-cv-05481-DSF-SHK Document 1 Filed 07/22/16 Page 32 of 39 Page ID #:32

CDC#: G20397    Name: BINNS, KHAALIQ    1 of 1

Name: BINNS, KHAALIQ

CDC #: G20397   PID #: 11218577

IPTS022A

# Bed Assignments

Wednesday January 13, 2016 11:04:43 AM

1 - 20 of 45

| | Prepare To Exchange | | Prepare To Add |

| Date | Time | Facility Name | Housing Area | Bed # | Housing Program | Status |
|------|------|---------------|--------------|-------|-----------------|--------|
| 12/15/2015 | 12:29 | LAC-Facility A | A 002 2 | 250001L | General Population | Moved |
| 12/12/2015 | 13:57 | LAC-Facility A | A 005 1 | 129001U | General Population | Unassigned |
| 12/11/2015 | 11:29 | LAC-Facility A | A 005 1 | 129001U | General Population | Unassigned |
| 11/24/2015 | 14:25 | LAC-Facility A | A 003 2 | 235001L | General Population | Unassigned |
| 11/24/2015 | 12:23 | LAC-Facility A | A 003 1 | 132001U | General Population | Unassigned |
| 11/10/2015 | 13:01 | LAC-Facility A | A 003 2 | 250001U | General Population | Unassigned |
| 02/19/2015 | 19:05 | COR-Facility 03A | 03A001 2 | 207001L | General Population | Unassigned |
| 02/18/2015 | 13:05 | COR-Facility 03A | 03A001 2 | 219001L | General Population | Unassigned |
| 10/18/2014 | 20:08 | COR-Facility 03A | 03A001 1 | 127001U | General Population | Unassigned |
| 10/05/2014 | 18:13 | COR-Facility 03A | 03A005 1 | 126001U | General Population | Unassigned |
| 03/26/2014 | 15:07 | COR-Facility 03A | 03A005 2 | 238001U | General Population | Unassigned |
| 03/26/2014 | 13:12 | COR-Facility 03A | 03A005 2 | 244001U | General Population | Unassigned |
| 12/09/2013 | 19:58 | COR-Facility 03A | 03A002 1 | 143001L | General Population | Unassigned |
| 11/17/2013 | 12:54 | COR-Facility 03A | 03A005 1 | 147001L | General Population | Unassigned |
| 05/25/2013 | 17:46 | COR-Facility 03A | 03A002 1 | 129001U | General Population | Unassigned |
| 05/18/2013 | 17:15 | COR-Facility 03A | 03A002 1 | 133001L | General Population | Unassigned |
| 05/06/2013 | 10:59 | COR-Facility 03A | 03A002 1 | 140001L | General Population | Unassigned |
| 03/20/2013 | 12:38 | COR-Facility 03A | 03A001 1 | 138001U | General Population | Unassigned |
| 06/06/2012 | 12:48 | COR-Facility 03A | 03A001 2 | 249001L | General Population | Unassigned |
| 02/18/2012 | 18:30 | COR-Facility 03A | 03A001 1 | 122001L | General Population | Unassigned |

| Next Page |

JAN 2 9 2016

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, December 22, 2015*

*BINNS, G20397*
*A 002 2250001L*

LIVING CONDITIONS, Adequacy of Environment, 12/21/2015
Log Number: LAC-A-15-05012
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(b)(9). Your appeal issue is obscured by pointless verbiage or
voluminous unrelated documentation such that the reviewer cannot be reasonably expected to
identify the issue under appeal.*

*WHAT EXACTLY IS YOUR ISSUE AND REQUEST? YOU ARE ALREADY ASSIGNED TO
A LOWER BUNK(A2-250L) AND YOU HAVE A CURRENT CDC 7410 DATED 12/14/15
WHICH REFLECTS BOTTOM BUNK.*

☐ K. Estrada, SSA
☑ M. Fordham, CCII
☐ J. Curiel, CCII Appeals Coordinator
Appeals Coordinator
LAC

JAN 2 9 2016

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

*I told all defendant about the rod being in my leg. And I wanted
To be on lower bunk due to my medical condition. I was ordered To
Top bunk. I fell and hurt myself. That is my issue. This is a
Eight Amendment violations causing injury To my body.*

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.

JAN - 6 2016

NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

# DO NOT SCAN
# OR COPY

**The Examiner has determined these documents to be duplicate or irrelevant material.**
(*i.e. unrelated appeal, unrelated RVR, unnecessary declaration*)
**As such these documents are being returned to the appellant and were not considered in the decision making process at the Third Level of Review.**

It should be noted, any reference to current laws policies and procedures, by either the appellant, the previous Reviewers, or the Examiner, have been assessed using current resource materials available in the Office of Appeals, and may or may not match the policy documents submitted by the appellant.

_____   _____
Examiner                                                 Date   5/24/16



# RETURN TO APPELLANT
# WITH RESPONSE

## INMATE APPEAL ROUTE SLIP

To: AW OPERATIONS

Date: January 6, 2016

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  LAC-A-15-05012  By Inmate  BINNS, G20397

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: LIVING CONDITIONS
Due Date: ~~02/19/2016~~ Due to IAO on 2/12/16
Special Needs:

STAFF INSTRUCTIONS: Per California Code of Regulations (CCR), Title 15, Section 3084.7(e)(2), first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  CCR, Title 15, Section 3084.7(e)(4) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

☐  K. Estrada, SSA
☐  M. Fordham, CCII
☐  J. Curiel, CCII Appeals Coordinator
Appeals Coordinator
LAC

JAN 2 9 2016

Exhibit (B)
Gov. Claim



STATE OF CALIFORNIA
EDMUND G. BROWN JR., Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5ᵗʰ Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

MARYBEL BATJER
Secretary
Government Operations Agency
Chairperson

BETTY T. YEE
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

JULIE NAUMAN
Executive Officer

Khaaliq M Binns G20397
PO Box 4430
Lancaster, CA  93539

February 23, 2016

RE:  Claim G629068 for Khaaliq M Binns, G20397

Dear Khaaliq Binns,

The Victim Compensation and Government Claims Board (Board) received your claim on February 12, 2016.

Based on its review of your claim, Victim Compensation and Government Claims Board (Board) staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board.  The Board will act on your claim at the March 17, 2016 meeting.  You do not need to appear at this meeting.  The Board's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G629068 when you call or write your claim technician/analyst at (800) 955-0045 or (916) 491-3700.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc:  Corrections and Rehabilitation

        Ltr 99 Complex Issue Reject



KHALIQ BANKS # G20397
CSP-LAC
FACILITY "A" A2-250
PO BOX 4430
LANCASTER, CALIF. 93539

UNITED STATES CENTRAL DISTRICT
312 SPRING
Los Angeles 90012

LEGAL
MAIL
Confidential

c/o HANKS

7.13.16