| | |
|---|---|
| 1 | XAVIER BECERRA |
| | Attorney General of California |
| 2 | GIAM M. NGUYEN |
| | Supervising Deputy Attorney General |
| 3 | TODD GRABARSKY |
| | Deputy Attorney General |
| 4 | State Bar No. 286999 |
| |   300 South Spring Street, Suite 1702 |
| 5 |   Los Angeles, CA 90013 |
| |   Telephone: (213) 269-6044 |
| 6 |   Fax: (213) 897-7604 |
| |   E-mail: Todd.Grabarsky@doj.ca.gov |
| 7 | *Attorneys for Defendants* |
| | *D. Asuncion, D. Hunter, and Jameson* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KHAALIQ BINNS,** | CV16-05481 DSF (SHK) |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE** |
| v. | |
| **D. ASUNCION, et al.,** | Judge: The Honorable Shashi Kewalramani |
| Defendants. | |

Defendants D. Asuncion, D. Hunter, and Jameson respectfully oppose Plaintiff Khaaliq Binns's Motion for Settlement Conference.

**OPPOSITION**

Plaintiff's Motion for Settlement Conference should be denied because Plaintiff fails to articulate good cause for the Court to order a settlement conference. In addition, given the extremely early procedural status of this case—in which Plaintiff's Second Amended Complaint is under screening review by the Court and has not been served upon Defendants—it is unlikely the parties could engage in meaningful or fruitful settlement negotiations.

1

1	Plaintiff initiated this action on July 22, 2016, by filing a pro se complaint
2	pursuant to 42 U.S.C. § 1983. On November 15, 2016, Plaintiff filed the First
3	Amended Complaint, in which he alleged that Defendants violated his Eighth
4	Amendment rights by allegedly disregarding his medical accommodations. (ECF
5	No. 19.)
6	Defendants moved to dismiss the First Amended Complaint on August 17,
7	2017, in which they argued that Plaintiff's vague, conclusory, and overgeneralized
8	allegations failed to demonstrate a cognizable Eighth Amendment violation. (Mot.
9	to Dismiss First Am. Compl. 4–8, ECF No. 42.) Defendants also pointed to
10	documents incorporated into the First Amended Complaint showing that prison
11	officials had, in fact, accommodated Plaintiff's medical condition and, thus,
12	Defendants were not deliberately indifference to Plaintiff's medical needs. (*Id.* at 8–
13	9.) Additionally, Defendants argued that they cannot be held liable under Plaintiff's
14	theory of vicarious or supervisory liability, and that they are entitled to qualified
15	immunity. (*Id.* at 9–13.)
16	Before opposing Defendants' motion to dismiss, Plaintiff filed a motion for
17	leave to amend the First Amended Complaint to which he attached his proposed
18	Second Amended Complaint. (ECF No. 44.) The Court granted Plaintiff's motion
19	for leave, and advised that the Second Amended Complaint is being screened by the
20	Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 45.) The Court
21	also advised that "[u]ntil Plaintiff's [Second Amended Complaint] has been
22	screened and the Court orders that service of process may occur, Plaintiff may <u>not</u>
23	proceed with service of process upon Defendants." (*Id.* at 2 (emphasis in original).)
24	To date, the Second Amended Complaint is still in the process of being screened by
25	the Court.
26	Thus, at this extremely early juncture in the course of this case, it is too
27	premature for the parties to engage in a settlement conference. The Court has not
28	had an opportunity to complete screening the Second Amended Complaint, which

2

has not been served upon Defendants. Accordingly, the parties would not be able to engage in meaningful valuation of this case for the purposes of negotiating a settlement. Moreover, the Court has not yet issued a screening decision as to which claims in the Second Amended Complaint (if any) might proceed. Therefore, at this juncture, the Court should not order the parties to engage in a settlement conference. Plaintiff has provided no reasons demonstrating otherwise or showing that good cause exists for the Court to order a settlement conference.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Settlement Conference.

Dated: March 22, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GIAM M. NGUYEN
Supervising Deputy Attorney General

*/s/ Todd Grabarsky*
TODD GRABARSKY
Deputy Attorney General
*Attorneys for Defendants
D. Asuncion, D. Hunter, and Jameson*

LA2016503630

3

# CERTIFICATE OF SERVICE

Case Name:  **Binns v. Asuncion, et al.**          No.   **CV16-05481 DSF (SHK)**

I hereby certify that on March 22, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On March 22, 2018, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Khaaliq Binns, CDCR# G20397
California Men's Colony
4A2R Cell #5
P.O. Box 8101
San Luis Obispo, CA 93409-8101
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 22, 2018, at Los Angeles, California.

| R. Hill | */s/ R. Hill* |
|---|---|
| Declarant | Signature |

LA2016503630
62742233.docx